STATE OF LOUISIANA
v.
GARY SPEARS.
No. 2007 KA 1666.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION.
DOUG MOREAU, District Attorney, STACY L. WRIGHT, Assistant District Attorney, Baton Rouge, LA, Attorneys for State of Louisiana.
MARY E. ROPER, Louisiana Appellate Project, Baton Rouge, LA, Attorney for Defendant-Appellant Gary Spears.
Before: PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
The defendant, Gary Spears, was charged by grand jury indictment with two counts of molestation of a juvenile when the offender has control or supervision over the juvenile, in violation of LSA-R.S. 14:81.2. Count 1 alleged acts against a sixteen-year-old female, S.F., between approximately October 6, 2003, and October 8, 2003. Count 2 alleged acts against a fifteen-year-old female, C.S., between approximately September 1, 1995, and May 3, 1996. The defendant pled not guilty to both charges. Following a jury trial, he was found guilty as charged. On count 1, he was sentenced to fifteen years of imprisonment at hard labor, with all but the first seven and one-half years of the sentence suspended, followed by active, supervised probation for a period of five years. On count 2, he was sentenced to four years of imprisonment at hard labor. The sentences were ordered to run concurrently. The defendant now appeals, designating one assignment of error. We affirm the convictions and sentences.

FACTS
The defendant, Gary Spears, was a choir teacher at Capitol High School during the 1995-96 school year. One of his students was fifteen-year-old C.S. According to her trial testimony, C.S. was using the telephone in an office next to the school's choir room when the defendant approached her. The defendant kissed her neck, rubbed up against her, and rubbed her breast. On another occasion, the defendant asked C.S. to follow him into the girl's bathroom in the choir room, where he exposed himself and ejaculated into the toilet.
Several years later, the defendant was the choir director and science teacher at Istrouma High School. One of his choir students was sixteen-year-old S.F. According to S.F.'s trial testimony, on October 6, 2003, S.F., the defendant, and a few other students were in the defendant's science classroom during a period when the defendant was not teaching a class. The defendant and S.F. became engaged in horseplay, they fell to the floor, and the defendant kissed S.F. on the lips. Shortly thereafter, all the other students left the classroom, except for S.F. The defendant locked the classroom door and began kissing S.F. and rubbing her between her legs.
The following day on October 7, S.F. went to the defendant's science classroom after school. The defendant kissed her neck, lips, and breasts under her clothes. The next day on October 8, at the defendant's request, S.F. went back to the defendant's classroom during lunch. The defendant locked the classroom door and began touching S.F. over her clothes. The defendant then unzipped her shorts and inserted his finger into her vagina. S.F. left because she was late for her P.E. class. However, when she got to her class, she dressed out in her P.E. clothes and returned to the defendant's classroom at his request. The defendant again locked the classroom door. He appeared to put on a yellow condom. He picked up S.F., sat her on a table, and engaged in sexual intercourse with her.
The defendant testified at trial. He denied the allegations of C.S. and S.F.

ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant argues that the trial court erred in denying his motion for the jury to view the scene of one of the alleged molestations. Specifically, the defendant contends that the jury should have been allowed to inspect the defendant's former classroom to determine whether or not the door could be locked by a person from inside the classroom, since this was the only practical way to demonstrate the "mechanics of this evidence."
S.F. testified that on several occasions the defendant locked his classroom door prior to molesting her. Elijah Jackson, the principal of Istrouma High School, testified that the classroom doors could only be locked or unlocked from the outside with a key. However, even if the door was locked from the outside, a person inside the classroom could simply turn the knob to exit the room. Mr. Jackson further explained that it was possible to lock the door from inside the classroom by opening the door, reaching around with a hand to lock the doorknob, and then closing the door.
It is well settled that the decision regarding whether to grant or deny a motion to have a jury view the scene of the crime is within the sound discretion of the trial court, whose ruling will not be disturbed on appeal absent an abuse of that discretion. State v. Corkern, 461 Sold 1238, 1242 (La. App. 1st Cir. 1984); see LSA-C.Cr.P. art. 762(2). Following argument on the defendant's motion, the trial court ruled as follows:
All right. . . . Mr. Moore [defense counsel], I am thoroughly convinced that this jury can get a very clear understanding of the workings of this door at Istrouma High School, through whatever method the lawyers choose to do that or choose to have done, have done or choose to in the future have done, which you can, you're still in your case-in-chief, have the workings of that door explained to where this jury absolutely one hundred percent fully understands the workings of that door at Istrouma High School. You can do that through pictures. You're free to go take this weekend closeups of the door, the locks, and you can have your own people, witnesses, by that I mean anyone who would wish to come in and further explain the workings of that door, using the pictures and/or their testimony, and this jury will fully understand how that door works. Perhaps there's a door somewhere in this country that can't, a jury would need to see it, perhaps the Pentagon or somewhere like that, but it's not this one. And your motion is denied.
We find the testimony of the witness was sufficient to show clearly the locking mechanism of the defendant's classroom door. Also, as the trial court pointed out, the defendant could have called his own witnesses to explain how the classroom doors locked. The defendant chose not to call any such witnesses. Moreover, whether the door was actually locked or not had no bearing on S.F.'s molestation claims. According to her testimony, her perception was that the defendant had locked her inside the classroom, although she was not clear on exactly how he locked the door:
Q. And then did you decide when you saw him turn around and put the condom on, did you open the door, or unlock the door and leave?
A. I couldn't. He locked it.
Q. How did he lock it?
A. With a key from the  I don't know if it was outside or inside. I don't know.
It was not necessary for the jury to view the scene in order for the defendant to receive a fair and impartial trial. We conclude the trial court did not abuse its discretion in denying the defendant's motion. See Corkern, 461 So.2d at 1242.
The assignment of error is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.